CLINTON D. RIEGEL, Appellant, *v.* GEORGE H. LARNARD, Respondent.

Third Department, May 2, 1917.

**Real property — action for breach of covenant of deed — evidence — when conversations between parties inadmissible.**

In an action for the breach of covenant of a deed from defendant to plaintiff, the latter must stand on the deed itself.

In construing the plaintiff's deed, all other deeds to which it refers and which refer to each other are required to be considered.

Where in such an action there is no uncertainty or ambiguity as to the land actually conveyed, conversations and negotiations between the parties are inadmissible in evidence.

KELLOGG, P. J., dissented.

APPEAL by the plaintiff, Clinton D. Riegel, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Tioga on the 6th day of September, 1916, upon the decision of the court dismissing the complaint on the merits after a trial before the court, a jury having been waived.

*Charles C. Annabel* [*James O. Sebring* of counsel], for the appellant.

*Frank A. Bell,* for the respondent.

COCHRANE, J.:

This is an action for a breach of covenant of a deed from defendant to plaintiff. In such an action the plaintiff must stand on the deed itself. His deed by reference to other deeds in his chain of title clearly indicates that the Updike lot was excluded. In construing his deed, all other deeds to which it refers and which refer to each other are required to be considered. (*Grandin* v. *Hernandez,* 29 Hun, 399, 402; *French* v. *Carhart,* 1 N. Y. 96.) The plaintiff has received exactly what his deed in connection with other deeds to which it refers purports to give him. If he had brought his action for fraud or mistake, the excluded evidence would be quite material, but standing as he does on his conveyance and alleging a breach of covenant therein contained and there being no uncertainty or ambiguity as to the land actually conveyed, conversations and negotiations between the parties were properly excluded. I think, therefore, the excluded testimony was immaterial.

The judgment should be affirmed, with costs.

All concurred, except KELLOGG, P. J., dissenting; SEWELL, J., not sitting.

Judgment affirmed, with costs.